# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1638 | **DATE** | March 12, 2012 |
| **CASE TITLE** | United States ex rel. Jimmy Boyd (#K-68647) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Petitioner is granted thirty days in which to: 1) either pay the $5.00 filing fee or file a petition for leave to proceed *in forma pauperis*; and 2) show cause in writing why his habeas petition should not be dismissed as time-barred. The Clerk is directed to send Petitioner an application to proceed *in forma pauperis*. If Petitioner fails to comply within thirty days of the date of this order, the Court will summarily dismiss this action. Petitioner is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■[**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Petitioner, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003, DuPage County conviction for aggravated battery, aggravated battery with a firearm, armed robbery, and home invasion.

Although the Clerk of Court has accepted the petition for docketing pursuant to Rule 5(d)(4) of the Federal Rules of Civil Procedure, Petitioner has neither paid the $5.00 filing fee nor filed a petition for leave to proceed *in forma pauperis*. Although Petitioner has submitted correspondence to the Court [#3] indicating that he intends to pay the $5.00 filing fee, no such payment has been submitted. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or, in the alternative, file an *in forma pauperis* application complete with a certificate from a prison official stating the amount on deposit in the prisoner's trust account. The Clerk is directed to send Petitioner an *in forma pauperis* application. If Petitioner fails either to pay the filing fee or file a fully completed application to proceed without prepayment of costs and fees within thirty days, the Court will summarily dismiss this action.

Additionally, Petitioner is ordered to show cause why his petition for a writ of habeas corpus should not be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable by
**(CONTINUED)**

AWL

to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

The Illinois Supreme Court denied Petitioner's request for direct review on September 27, 2006. Petitioner did not begin his post conviction proceedings until March 25, 2010. By the time Petitioner sought collateral review, the one-year limitation period for seeking federal habeas review had already expired. Whether or not the State entertained the post-conviction petition and decided it on the merits, the subsequent state proceedings did not restart the "federal clock" after the statute of limitations had already extinguished any right to federal habeas review. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

Petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, Petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

In short, Petitioner is ordered to, within thirty days of the date of this order, either pay the $5.00 filing fee or file a petition for leave to proceed *in forma pauperis*; and show cause in writing why his habeas petition should not be dismissed as time-barred. Petitioner is reminded that he must provide the Court with the original plus a judge's copy of every document filed.